JUSTICE HUNT,
dissenting:
I specially concur in the foregoing dissent of Justice Sheehy and wish to add that, although the establishment of the three Just factors may indicate that the introduction of other crimes evidence may have some probative value, the use of that other crimes evidence must still be ultimately balanced against its prejudicial effect. The majority states that compliance with certain procedural activities alleviates any prejudicial effect that may result from the introduction of this other *174 crimes evidence. It is with this analysis that I disagree.
Just evidence, or other crimes evidence, may be used to prove that the defendant had the intent to commit the crime charged. Rule 404(b), M.R.Evid. In other words, the Just evidence is used primarily to support the requisite “state of mind” element of the charged crime. In Just, the Court adopted a four-step analysis in determining whether evidence of other crimes was admissible. State v. Just, 184 Mont. 262, 602 P.2d 957 (1979). In addition to these four steps, the Court also adopted certain procedural safeguards to protect the defendant against the almost certain prejudice that would occur to the defendant at any time Just evidence is admitted. However, as the majority would believe, these safe guards did not replace the requirement of balancing the probative value of such evidence versus its prejudicial effect.
To determine the prejudicial effect that the introduction of Just evidence may have on a defendant’s case the Court must examine each individual set of facts. If, in reviewing each set of facts, the Court determines that “the jury might overestimate the probative value of the evidence and assume that merely because the defendant committed crimes before, he is likely to be guilty of the crime charged” the introduction of the Just evidence is overly prejudicial and must be excluded. State v. Hanson, 187 Mont. 91, 99, 608 P.2d 1083, 1088 (1980).
The facts of this case, as discussed in Justice Sheehy’s dissent, indicate that the only evidence used to prove the defendant’s “state of mind” in committing the charged offense was the Just evidence. Without additional evidence to support this necessary element, the prejudicial effect upon the defendant was significant and must be scrutinized beyond the procedural safeguards described by the majority. Although the jury was properly instructed regarding the significance of the Just evidence in their deliberations, it is obvious, in light of the lack of evidence existing in the record to support the defendant’s commission of the charged theft, that the jury chose to convict the defendant based upon the previous “bad act.” Such an occurrence totally contradicts the purpose of Just evidence. The conviction should be reversed because the jury overestimated the probative value of the evidence and concluded that, based upon the Just evidence, the defendant was likely to be guilty of the crime charged.